FILED
99 FEB 24 PM 3: 44
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

ACCEPTANCE INDEMNITY INSURANCE
COMPANY,

    Plaintiff,

vs.                                                      CASE NO. CV-98-J-1639-NW

MUSCLE SHOALS SCHOOL BOARD,
SAMUEL BREWER, CAROLYN BYRAM,
and FELICIA CLINGAN,

    Defendants.

ENTERED
FEB 24 1999

## MEMORANDUM OPINION

Currently pending before the court is the plaintiff's motion for summary judgment (doc. 11), filed August 20, 1998; to which none of the defendants have responded. The court entered a summary judgment scheduling order on December 16, 1998, by which a response to the plaintiff's motion was due on or before January 16, 1999. None of the defendants responded by this deadline, nor requested additional time to respond before this deadline had run.

### I. Procedural History

Plaintiff Acceptance Indemnity Insurance Company commenced this action on June 25, 1998 by filing a complaint for declaratory judgment alleging that the policy of insurance of the Muscle Shoals School Board does not cover the actions of the defendant Brewer against defendants Clingan and Byram's allegations in case numbers CV97-J-435-NW and CV97-J-436-NW (consolidated). Those two cases each allege a cause of action against the

Muscle Shoals School Board as the employer of Samuel Brewer, whom the plaintiffs in those cases accuse of sexual harassment.[1]

The plaintiff alleges that it issued a "School Board and Employees Errors and Omissions Insurance" policy on August 22, 1996. Amended Complaint, ¶7 and Exh. A to plaintiff's evidentiary submissions. Plaintiff Acceptance Indemnity states intentional wrongful acts are specifically excluded from the policy. Amended Complaint, ¶¶14-17. Because Byram and Clingan accuse Brewer of intentional acts of sexual harassment, the plaintiff here argues that no coverage exists under the policy thus a declaratory judgment should be entered in its favor.

The defendants Clingan and Byram never filed any answer to the complaint. Defendant Brewer filed an answer to the original complaint on July 20, 1998, but never responded to the amended complaint, filed November 4, 1998 (doc. 16).[2]

## II. Standards for Evaluating a Summary Judgment Motion

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact that the moving

---

[1] The plaintiff and the defendant Muscle Shoals School Board entered a joint stipulation for a pro tanto dismissal of the claims and counterclaims of these two parties in this case. Thus, plaintiff Acceptance Indemnity's declaratory judgment action remains pending solely against defendants Clingan, Byram and Brewer here.

[2] This court notes that as no defendant has filed an answer to the plaintiff's amended complaint, the plaintiff here is entitled to judgment in its favor based upon the defendants' default. However, because a summary judgment motion was filed before the amendment to the complaint was made, this court shall examine the summary judgment motion.

2

party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). As the Supreme Court has explained the summary judgment standard:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since the complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

*Celotex Corp.* 477 U.S. at 322-23. The party asking for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrates the absence of a genuine issues of material fact. *Id.* at 323. The burden then shifts to the nonmoving party to "go beyond the pleadings and by ... affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324, Fed. R. Civ. Pro 56(e). In meeting this burden the nonmoving party "must do more than simply show that there is a metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). That party must demonstrate that there is a "genuine issue for trial." Fed.R.Civ.P. 56(c); *Matsushita*, 475 U.S. at 587, *see also Anderson*, 477 U.S. at 249. The non-movant must "demonstrate that there is indeed a material issue of fact precluding summary judgment." *Clark v. Clark & Coats, Inc.*, 929 F.2d 604, 608 (11th Cir.1991).

On motions for summary judgment, the court is to construe the evidence and factual

inferences arising therefrom in the light most favorable to the nonmoving party. See *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). The substantive law will identify which facts are material and which are irrelevant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *Id.* at 249. The basic issue before the court on a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Holcombe v. Alabama Dry Dock & Shipbuilding*, 1998 WL 758012 (S.D.Ala.); citing *Anderson*, 47 U.S. at 251-252.

### III. Legal Analysis

In the light most favorable to the non-moving party, the court draws the following facts from the record currently before the court: Acceptance Indemnity Insurance Company issued a "School Board Employees Errors and Omissions Insurance" policy to Muscle Shoals City Schools. (Plaintiff's brief at 1; Exh. A to plaintiff's evidentiary submissions.) Defendants Byram and Clingan sued the Muscle Shoals School Board and Samuel Brewer, the principle at the elementary school where both of these defendants were employed. (Plaintiff's brief at 1, Exh. B to plaintiff's evidentiary submissions). Both Byram and Clingan allege violations of 42 U.S.C. §1983 as well as state law claims for intentional

4

infliction of emotional distress, invasion of privacy and assault and battery. (Exh. B to plaintiff's evidentiary submissions.)

> The insurance policy at issue here states under the heading "EXCLUSIONS" that:
>
> This policy does not apply and the Company shall not be obligated to defend any CLAIM or SUIT:
> 2. Brought about or contributed to by any fraud, dishonesty or bad faith by an INSURED or arising from the deliberate violation of any federal, state, or local statute, ordinance, rule, or regulation committed by or with knowledge and/or consent of the INSURED.
> 3. For any damage arising form (sic) bodily injury, sickness, emotional distress, mental anguish, disease or death of any person....
> 4. For false arrest, false imprisonment, libel, slander, defamation, invasion of privacy, wrongful eviction, assault, battery, malicious prosecution, or abuse of process;

(Exh. A to plaintiff's evidentiary submissions.) In the pending case where Clingan and Byram have sued Brewer and the Muscle Shoals School Board, the only potential liability for either defendant there would be if a determination was made that the defendant Brewer committed intentional acts of sexual harassment. *See e.g. Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742, 118 S.Ct. 2257, 2266 (1998) ("Sexual harassment under Title VII presupposes intentional conduct .... In applying scope of employment principles to intentional torts, however, it is accepted that : it is less likely that a willful tort will be properly held to be in the course of employment and that the liability of the master for such torts will naturally be more limited"(internal citations omitted)). In addition, a finding that the Muscle Shoals School Board, as the employer of Brewer, should be liable for its employees intentional acts would also be necessary. *Id.* As this court has found in favor of the School Board and against Byram and Clingan on the issue of liability of the Board in

CV97-J-435-NW and CV97-J-436-NW, no basis for Acceptance Indemnity Insurance to defend or indemnify Muscle Shoals School Board can exist.

Furthermore, the state law claims of Byram and Clingan are clearly excluded from the policy by its express language.

The court specifically does not rule on whether coverage exists for Brewer's claims currently pending against the Muscle Shoals School Board as such claims are not raised in this case by the plaintiff.

## IV. Conclusion

The defendants have wholly failed to present any evidence to this court that the plaintiff has any duty to defend or indemnify the defendant Brewer. Therefore, the Court **GRANTS** the plaintiff's motion for summary judgment against all remaining defendants in this case. This court finding no just cause for delay, it **ORDERED, ADJUDGED** and **DECREED** that judgment be and hereby is entered in favor of the plaintiff and against the defendant.

**DONE and ORDERED** this the __24__ day of February, 1999.

INGE P. JOHNSON
UNITED STATES DISTRICT JUDGE